60.6012

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| *Plaintiff,* | ) ) ) ) Case No.: 3:26-cv-00172 |
| v. | ) ) |
| SHIVAM HOTEL, LLC, and MYESHA DEAN, | ) ) |
| *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, WESTFIELD INSURANCE COMPANY ("Westfield"), by and through its attorneys, Christopher J. Pickett and Thomas J. A. Weller of Lindsay, Pickett, & Postel, LLC, and hereby states its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*.) against the defendants, SHIVAM HOTEL, LLC ("Shivam Hotel") and MYESHA DEAN ("Dean").

### Introduction

1. Westfield seeks a declaration that it does not owe a duty to defend or indemnify Shivam Hotel under a commercial package policy issued by Westfield to Shivam Hotel with respect to an underlying lawsuit styled as *Myesha Dean v. Shivam Hotel, LLC, d/b/a Comfort Suites*, et al., case no. 24LA0659, filed in the Circuit Court of St. Clair County, Illinois (the "underlying lawsuit"). That lawsuit alleges, in sum, that Shivam Hotel's employee, Jackie McDougle, injured plaintiff Myesha Dean by spraying her with mace while she was checking out of a hotel owned by Shivam Hotel. A default judgment in the amount of $2,171,054.11 was entered against Shivam Hotel and another defendant on January 22, 2025. Shivam Hotel only provided Westfield with notice of the underlying lawsuit and default judgment on February 3, 2026. The Westfield policy

provides no coverage to Shivam Hotel because its nineteen-month delay in providing Westfield with notice constitutes a breach of Conditions **2.b.** and **2.c.** of the Westfield policy.

## The Parties

2. Westfield Insurance Company is an Ohio corporation organized under the laws of Ohio, with its principal place of business in Westfield Center, Ohio. Westfield is a citizen of Ohio.

3. Upon information and belief, defendant Shivam Hotel, LLC, is a New York limited liability company organized under the laws of New York, with its principal place of business in Nassau County, New York. Shivam Hotel has a registered agent in Illinois. Shivam Hotel is a citizen of New York.

4. Upon information and belief, defendant Myesha Dean is a South Carolina citizen who resides in Lexington, South Carolina.

5. Dean is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that she may have an interest in the subject matter of this action. Westfield seeks no relief from Dean, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If Dean, by a duly authorized representative, will sign a stipulation to that effect, then Westfield would be willing to voluntarily dismiss her as a defendant.

## Jurisdiction and Venue

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### The Pre-Suit Claim

8. On or about June 17, 2022, Westfield was notified by Kevin Wiggs ("Wiggs") on behalf of Westfield's insured, Shivam Hotel, of a claim involving one of Shivam Hotel's employees who allegedly sprayed a guest with mace.

9. The incident occurred on May 29, 2022, at a hotel located at 137 Ludwig Drive, Fairview Heights, Illinois 62208.

10. The Westfield representative assigned to the claim was Senior Casualty Claim Representative Lisa Liddle ("Liddle").

11. Further investigation of the claim revealed that the guest who was injured was Myesha Dean, and the employee who allegedly sprayed the mace was Jackie McDougle ("McDougle").

12. Over the next twelve months, Liddle communicated with Dean and Wiggs to investigate the facts of the claim and Dean's claimed injuries, and attempted to negotiate settlement for the claim.

13. On or about December 6, 2022, Liddle was informed by Wiggs that Shivam Hotel had sold the 137 Ludwig Drive hotel in October 2022 and that none of Shivam Hotel's employees remained there.

14. On or about June 14, 2023, Liddle received an email from the law firm now handling Dean's claim, Cofman Townsley, asking Westfield to preserve videos and all documentation related to Dean's claim.

15. On or about August 31, 2023, Liddle asked Shivam's Attorney, Tom Mullen ("Mullen"), to inform her if Dean filed a lawsuit. Liddle advised that Westfield would then review it to see if defense under the Westfield policy would be triggered. Mullen agreed.

16. On January 31, 2024, Liddle sent an email to Shivam Hotel and Mullen, advising that Dean may file a lawsuit and that they should notify Westfield if any lawsuit was filed.

17. On or about February 8, 2024, Liddle again asked Mullen to provide Westfield with a copy of the lawsuit if it was filed.

18. On March 27, 2024, and April 24, 2024, Liddle searched St. Clair County's online records to see if a lawsuit had been filed and found no record of a lawsuit.

19. On or about April 24, 2024, Liddle received emails from Shirish Patel, on behalf of Shivam Hotel, and Mullen confirming that Shivam Hotel had not been served with a lawsuit.

20. On or about June 23, 2024, Liddle sent an email to Mullen to confirm that no lawsuit had been filed and asked Mullen to let her know as soon as possible if a lawsuit was filed.

21. On or about June 24, 2024, Liddle received an email from Shivam Hotel advising that no suit papers had been served at the loss location.

22. Westfield then closed its file for Dean's claim.

**The Underlying Lawsuit**

23. On May 6, 2024, Myesha Dean filed her complaint ("the underlying complaint") against Shivam Hotel, LLC, d/b/a Comfort Suites, Jayshree Krishna, Inc., and Jackie R. McDougle in the Circuit Court of St. Clair County, Twentieth Judicial Circuit,

4

Illinois, case no. 24LA0659 ("the underlying lawsuit"). A true and correct copy of the underlying complaint is attached hereto as **Exhibit A**.

24.     The underlying complaint alleges that on May 29, 2022, Shivam Hotel owned and operated a hotel named Comfort Suites located at 137 Ludwig Drive, Fairview Heights, Illinois 62208. **Ex. A**, ¶ 7.

25.     The underlying complaint alleges that on May 29, 2022, Dean had rented a room at the hotel and was in the process of checking out and leaving the hotel via the hotel's elevator. **Ex. A**, ¶ 9.

26.     The underlying complaint alleges that, at that time, McDougle, acting within the course and scope of her employment by and agency with Shivam Hotel, deployed mace spray into the hotel's elevator, causing Dean to suffer serious personal injuries. **Ex. A**, ¶ 10.

27.     The underlying complaint further alleges that, subsequent to this incident, Shivam Hotel sold the hotel to Jayshree Krishna, Inc. ("Krishna"). **Ex. A**, ¶ 11.

28.     The underlying complaint alleges one count of negligence (Count II), one count of battery (Count V), one count of negligent self-defense (Count VIII), one count of negligent hiring and retention (Count X), and one count of negligent supervision (Count XII) against Shivam Hotel. **Ex. A**, ¶¶ 17-79.

29.     On May 14, 2024, the court issued an order appointing a special process server to serve a summons and complaint on Shivam Hotel via its registered agent, Kevin Wiggs, located at 37 Zinnia Drive, Belleville, IL 62221. A true and correct copy of the court's order is attached hereto as **Exhibit B**.

30. On June 7, 2024, Dean filed an affidavit of return of service in which the special process server testified that he served a copy of summons and the underlying complaint on Shivam Hotel by personal service on "John Venky, Person-In-Charge, at 37 Zinnia Dr., Belleville, Illinois 62221 on June 5, 2024, 2:37 p.m." A true and correct copy of the affidavit of return of service is attached hereto as **Exhibit C**.

31. On September 23, 2024, Dean filed her motion for default judgment against Shivam Hotel. A true and correct copy of the motion for default judgment is attached hereto as **Exhibit D**.

32. On January 2, 2025, the court entered an order granting Dean's motion to dismiss McDougle from the underlying lawsuit without prejudice.

33. On January 22, 2025, the court entered a default judgment against Shivam Hotel and Krishna for $2,171,054.11 plus post-judgment interest. A true and correct copy of the default judgment order is attached hereto as **Exhibit E**.

34. On or about February 3, 2026, Westfield was informed by Shivam Hotel's insurance agent that a Citation to Discover Assets to Debtor had been filed in the underlying lawsuit.

35. The Citation to Discover Assets to Debtor was filed on January 20, 2026. A true and correct copy of the Citation to Discover Assets to Debtor is attached hereto as **Exhibit F**.

36. On or about February 3, 2026, Liddle spoke with Wiggs, who told her that he had been served with a copy of the Citation to Discover Assets to Debtor at his residence and had passed it along to Shivam Hotel's agent.

**The Westfield Policy**

37.     Westfield issued to Shivam Hotel a commercial package policy, policy no. CMM 093679Q, effective from August 25, 2021, through August 25, 2022 ("the Westfield policy"). A true and correct copy of the Westfield policy is attached hereto as **Exhibit G**.

38.     The Westfield policy lists Shivam Hotel LLC as one of the named insureds on the Common Policy Declarations pages. The material provisions of the policy are as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**[1] \*\*\*

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"[.] \*\*\*

    **f.** The requirement in Condition **2. b.** will not be breached unless the breach occurs after such claim or "suit" is known to: \*\*\*

        **(4)** A manager, if you are a limited liability company.

---

[1] As modified by the Commercial General Liability Endorsement CG 71 18 11 12.

7

39. There may be other material provisions in the Westfield policy and Westfield reserves the right to plead them in the future.

## Coverage Allegations

### COUNT I
### No Duty to Defend or Indemnify Shivam Hotel with respect to the Underlying Complaint under the Westfield Policy

40. Westfield restates and incorporates the allegations in paragraphs 1 through 39, as if set forth fully herein.

41. Shivam Hotel has a duty under Condition **2.b.** of the Westfield policy's commercial general liability ("CGL") coverage form to provide Westfield with written notice of the underlying lawsuit as soon as practicable.

42. Despite Shivam Hotel's obligation under Condition **2.b.** of the Westfield policy, it failed to provide Westfield with written notice of the underlying lawsuit as soon as practicable.

43. Shivam Hotel, including its manager Champak B. Patel, had notice of the underlying lawsuit on June 5, 2024.

44. Shivam Hotel did not provide Westfield with notice of the underlying lawsuit until February 3, 2026, more than nineteen months later.

45. Therefore, Shivam Hotel breached Condition **2.b.** of the Westfield policy's CGL coverage form.

46. Shivam Hotel's failure to provide Westfield with notice of the underlying lawsuit was not solely due to Shivam Hotel's reasonable belief that Dean's alleged "bodily injury" or "property damage" is not covered under the Westfield policy's CGL coverage part.

47.     Shivam Hotel has a duty under Condition **2.c.** of the Westfield policy's CGL coverage form to "[i]mmediately send [Westfield] copies of any demands, notices, summonses or legal papers received in connection with" the underlying lawsuit.

48.     Upon information and belief, Shivam Hotel, through its registered agent Kevin Wiggs, received a summons and copy of the underlying complaint on June 5, 2024.

49.     Shivam Hotel's failure to notify Westfield and send Westfield any materials in connection with the underlying lawsuit prior to February 3, 2026, constitutes a failure to "immediately" send Westfield copies of any demands, notices, summonses or legal papers received in connection with the underlying lawsuit.

50.     Therefore, Shivam Hotel breached Condition **2.c.** of the Westfield policy's CGL coverage form.

51.     Shivam Hotel's breach of Conditions **2.b.** and **2.c.** resulted in the court entering a $2,171,054.11 default judgment against Shivam Hotel.

52.     This multi-million-dollar default judgment against Shivam Hotel, Westfield's insured, has prejudiced Westfield.

53.     Shivam Hotel was obligated to comply with Conditions **2.b.** and **2.c.** as conditions precedent to coverage.

54.     Shivam Hotel's failure to comply with Condition **2.b.** or Condition **2.c.** voids any coverage that may have otherwise been available to Shivam Hotel.

55.     As a result of the foregoing, Westfield does not owe a duty to defend or indemnify Shivam Hotel against the underlying lawsuit under the Westfield policy.

56.     There may be other bases on which Westfield can properly deny coverage to Shivam Hotel, and Westfield reserves the right to plead them in the future.

WHEREFORE, the plaintiff, Westfield Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*., finding and declaring that Westfield owes no duty to defend or indemnify the defendant, Shivam Hotel, LLC, under the Westfield policy with respect to the underlying complaint filed against it on behalf of Myesha Dean, and for such other and further relief as the court shall deem just.

    Respectfully submitted,
    **LINDSAY, PICKETT & POSTEL, LLC**

By:   /s/ Christopher J. Pickett
_____
One of the attorneys for Plaintiff,
WESTFIELD INSURANCE COMPANY

Christopher J. Pickett, ARDC # 6287096
cpickett@lpplawfirm.com
312-596-7779
Thomas J.A. Weller, ARDC # 6346528
tweller@lpplawfirm.com
312-767-0345
**Lindsay, Pickett & Postel, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404